Andrew W. Stavros (8615)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
Email: andy@stavroslaw.com

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT IN AND FOR

### THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MELISSA ROBERTS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TIM DAHLE IMPORTS, INC., a Utah corporation, d.b.a., TIM DAHLE NISSAN,<br><br>Defendant. | **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE RELATED TO PLAINTIFF'S INCOME, EARNINGS OR WORK FOLLOWING HER TERMINATION OF EMPLOYMENT WITH DEFENDANT**<br><br>Case No.: 2:18-cv-00288-JNP-DBP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Plaintiff Melissa Roberts, by and through her counsel of record, submits this Motion in Limine to exclude all testimony and documents related to or concerning Plaintiff's income, earnings or work following her termination of employment with Defendant. For the reasons set forth herein, Plaintiff's motion should be granted.[1]

---

[1] Plaintiff's counsel hereby certifies that he met and conferred with Defendant's counsel regarding this motion prior to filing the same, in accordance with the Court's Order.

1

## INTRODUCTION

In this case, Plaintiff has asserted claims for discrimination, harassment and retaliation under the ADA, as well as breach of contract claims arising from Defendant's failure to pay all commissions earned by her during her employment.[2] However, Plaintiff does not seek any damages for back pay or front pay following the termination of her employment, or any reputational or career damage caused by her termination.[3]  Instead, she seeks commissions she was owed but that were not paid to her, as well as commissions that she was forced to split due to discrimination and retaliation, and non-pecuniary damages and punitive damages arising from the acts  Defendant committed during her employment.

Even though Plaintiff does not seek back pay or front pay following her employment with Defendant, Defendant has identified certain exhibits and testimony that it plans to offer into evidence concerning Plaintiff's earnings, income and work following her termination. This includes the testimony of Steve Smith, the owner of State Street Truck Stop, with whom Plaintiff entered into a business relationship with following her termination, and documents related to her earnings and work with State Street following her termination with Defendant, including 1) checks (D125-126) related to such work; 2) 1099s and W2s received from State Street by Plaintiff for work performing after her termination (2015-2107) (D127); 3) Plaintiff's W9 from State Street Truck Stop (D129); 4) Plaintiff's tax returns for periods following her termination (D128); 5) checks written to Plaintiff's business by State Street (D130); and 6) the pay program

---

[2] See Plaintiff's First Amended Complaint.
[3] Id. at ¶¶ 38; 48-49; 58; 61-67

Plaintiff used at her business following her termination (D131).[4] Simply, these exhibits, as well as testimony of Mr. Smith, are not relevant to any issue in this case and would be highly prejudicial if entered into evidence in this case.

## ARGUMENT

### I. Motions in limine are reserved for plainly inadmissible evidence.

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United* States, 469 U.S. 38, 41 n.4 (1984); see also *United States v. Cline,* 188 F.Supp.2d 1287, 1291-1292 (D. Kan 2002), aff'd 349 F.3d 1276 (10th Cir. 2003); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996). A motion in limine gives a court the chance "'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri*, 349 F.3d at 141 (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D. Md. 1987)). Because the ruling on a motion in limine is preliminary, a trial court may alter its ruling based on developments at trial or on its own sound judicial discretion. *Luce,* 469 U.S. at 41; see also *Martinez,* 76 F.3d at 1152 (quoting *Jones v. Stotts,* 59 F.3d 143, 146 (10th Cir. 1995) ("A district court may change its ruling at any time for whatever reason it deems appropriate.")).

## ARGUMENT

I.  **Documents and testimony related to Plaintiff's subsequent work, earnings or income are irrelevant to any claim or defense at issue in this trial.**

---

[4] A copy of Defendant's proposed exhibits is filed concurrently herewith as Exhibit A (with redactions). Only a portion of D130 (which consist of checks) is produced due to its size.

The Federal Rules of Evidence establish standards for the admissibility of evidence at trial. Under the Rules, only relevant evidence is admissible. See Fed. R. Evid. 401; 402. Rule 401 defines relevant evidence as evidence that "(a) . . . has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Id.* "A fact is material only if it might affect the outcome of the suit under the governing law." *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186 (10th Cir. 2016). Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. See Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

As noted above, Plaintiff does not seek back pay or front pay damages arising from her termination of employment with Defendant on November 7, 2015.[5] Hence, information related to her subsequent employment, her earnings from employment, or the income she received from employment is not relevant to any claim or defense, including any calculation of her damages or mitigation of her alleged damages.

The ADA explicitly provide that the remedies available for its violation are those available under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. See 42 U.S.C. § 12117(a); see also 42 U.S.C. §§ 2000e-5 to 2000e-9. Remedies for intentional unlawful employment practices may include reinstatement with back pay, 42 U.S.C. § 2000e-5(g)(1). A plaintiff may also recover compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses . . . ." See 42 U.S.C. § 1981a(b)(3). But compensatory damages do not include back pay. 42 U.S.C. §

---

[5] *Id.*

1981a(b)(2). Similarly, a Plaintiff may seek punitive damages if the defendant discriminated "with malice or with reckless indifference to the federally protected rights of [the plaintiff]." 42 U.S.C. § 1981a(b)(1). Here, however, Plaintiff has opted not to seek front or back pay and thus information concerning subsequent earning by Plaintiff are simply not relevant to any claim or defense.

Similarly, while Plaintiff has asserted a claim for constructive termination, she has expressly not sought back pay or front pay related to such claim and thus hear post-termination earnings are not relevant to her claim of constructive termination. Specifically, while Plaintiff claims in this litigation that she left her employment with Defendant because of the discrimination and harassment and retaliation she endured, she does not seek front or back pay arising from such termination.[6] As such, information concerning her work post-termination, her earnings or her income cannot be relevant to the claims or defenses in this action.

Under federal law, "[c]onstructive discharge occurs when the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 534 (10th Cir. 1998) (quoting *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 344 (10th Cir. 1986)). To prove a constructive discharge, a plaintiff must show that "she had no other choice but to quit." *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1325 (10th Cir. 2004). The Tenth Circuit applies an objective standard in making this determination: "The conditions of employment must be objectively intolerable; the plaintiff's subjective views of the situation are irrelevant." *Sanchez*, 164 F.3d at 534. Hence, the only relevant inquiry for a constructive

---

[6] *Id.*

discharge claim is Plaintiff's working environment prior to and at the time she made the decision to leave because of the conditions of her employment. Stated differently, information or facts that occurred after the date she left – whether she started a business, the amount of money she earned from the business, the revenues she generated from the business and related information – are of no consequence to the decision to leave or the reason for the decision.  And because no damages are sought against Defendant for losses suffered because of the end of the employment relationship, such information is irrelevant to any damages Plaintiff seeks or a defense of mitigation of damages.

II.   **Even if relevant, the admission of testimony concerning Plaintiff's work, earnings or income following her termination should be barred under Fed. R. Evid. 403.**

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Here the admission of testimony and documents related to Plaintiff's work, earning and income following her termination is likely to cause unfair prejudice and confuse and mislead the jury.

The decision to admit or exclude evidence pursuant to Rule 403 is within the trial court's discretion. *United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999). "To be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Caraway*, 534 F.3d 1290,1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee note). As noted above, evidence related to Plaintiff's subsequent work, earnings or income has no probative value. It is not probative to damages in this case, because Plaintiff does not seek damages for

back pay or front pay. Similarly, it is not probative to any mitigation of damages defense Defendant could raise, and it is not relevant to any other affirmative defense Defendant may raise. Yet, the potential for unfair prejudice is substantial.

If admitted, evidence concerning Plaintiff's subsequent work, income or earnings would improperly suggest to the jury that such income is relevant to their consideration of compensatory damages, or damages related to her lost commissions while she worked for Defendant, which it is not. There is also substantial risk that the jury would be confused, or give improper weight or credence to the fact that Plaintiff was able to start a business and earn income and wages following her termination, and confuse the jury concerning its obligation to apply the law in this case, independent of the evidence that is actually relevant to the damages sought by Plaintiff in this litigation, and Defendant's defenses. For those reasons, the admission of such evidence should be barred under Rule 403.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted in its entirety.

RESPECTFULLY SUBMITTED this 10th day of May, 2022.

/s/   **Andrew W. Stavros**
Andrew W. Stavros
STAVROS LAW P.C.
*Attorneys for Plaintiff Melissa Roberts*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2022 I filed the foregoing Motion in Limine electronically with the Court using the Court's CM/ECF filing system, which sent notice to the following attorneys of record in this matter:

ROBERT O. RICE
JASCHA K. CLARK
JACOB G. ROBERTS
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
rrice@rqn.com
jclark@rqn.com
jroberts@rqn.com

                                                  **/s/     Andrew W. Stavros**