IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELISSA ROBERTS, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 1 |
| Plaintiff, | |
| v. | |
| TIM DAHLE IMPORTS, INC., | Case No. 2:18-cv-00288-JNP-DBP |
| Defendant. | District Judge Jill N. Parrish |

Before the court is defendant Tim Dahle Imports, Inc.'s motion to exclude all evidence that plaintiff Melissa Roberts would have closed by herself all of the car deals on which she worked. ECF No. 85. Tim Dahle Imports argues that this evidence should be excluded under Rules 403 and 702 of the Federal Rules of Evidence. The court DENIES the motion.

## I.   RULE 403

During Roberts's tenure with Tim Dahle Imports, she was required to split her commission payments for 280 car sales. Tim Dahle Imports represents that Roberts will testify that she would have closed these deals on her own if Tim Dahle had allowed her to do so. Tim Dahle Imports argues that this testimony should be excluded under Rule 403, which provides that the court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice. "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'" *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (citation omitted). Tim Dahle Imports contends that Roberts's testimony about closing deals is so inherently unbelievable that the court should conclude that it has no probative

value and exclude it. The court denies the motion to exclude this evidence under Rule 403 for two reasons.

First, the court declines to prejudge Roberts's testimony. Parties typically argue that evidence has little probative value because it is only minimally relevant to the issue at hand or because the party proffering the evidence has other evidence that could be used to prove a particular point. *See Old Chief v. United States*, 519 U.S. 172, 184–85 (1997). But here, Tim Dahle Imports asks the court to determine that the plaintiff's testimony is not probative because it is inherently not believable. In other words, Tim Dahle Imports invites the court to assess the credibility of the testimony before permitting the jury to hear it. Tim Dahle Imports provides no authority supporting this approach to Rule 403. The court declines to weigh the credibility of Roberts's testimony to evaluate whether to exclude it under Rule 403 because such an approach would invade the province of the jury.[1] *Cf.*, *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995) ("In examining the sufficiency of the evidence . . . credibility choices are resolved in favor of the jury's verdict because it is 'the responsibility of the finder of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts.'" (citation omitted)); *First Nat. Bank & Tr. Co. v. Hollingsworth*, 931 F.2d 1295, 1304–05 (8th Cir. 1991) (district court abused its discretion by precluding a civil defendant from testifying at trial as cumulative because his deposition transcript was read into the record). Tim Dahle Imports may, of course, argue to the jury that it should discount or disregard any testimony Roberts may give on her capacity to close car sales on her own. But it is not the court's role to

---

[1] Even if the court were inclined to weigh the credibility of Roberts's predictions regarding her ability to close sales on her own, the court would not determine that her testimony had no probative value, as Tim Dahle Imports argues.

2

make such a determination under the guise of a Rule 403 analysis. Accordingly, the court rejects Tim Dahle Imports' probative value argument.

Second, Tim Dahle Imports has not articulated a reason that Roberts's predictions would be unfairly prejudicial. "Evidence is not unfairly prejudicial . . . simply because it is damaging to an opponent's case. To be *unfairly* prejudicial, the evidence must have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Therrien v. Target Corp.*, 617 F.3d 1242, 1255–56 (10th Cir. 2010) (citation omitted). Tim Dahle Imports has not articulated any reason why Roberts's testimony could cause the jury to render a verdict based upon an improper basis. Absent any indication of unfair prejudice, the court has no basis to conclude that the testimony's probative value is substantially outweighed by unfair prejudice.

## II.     Rule 702

Tim Dahle Imports also argues that Roberts's testimony should be excluded because it amounts to expert testimony under Rule 702. Tim Dahle Imports contends that the court should exclude this testimony because Roberts failed to disclose it under Rule 26 of the Federal Rules of Civil Procedure. The court finds, however, that Roberts's testimony regarding her ability to close car sales on her own is lay opinion testimony governed by Rule 701 rather than Rule 702 expert testimony.

Rule 701 states that lay opinion testimony must (1) be "rationally based on the witness's perception"; (2) be "helpful to clearly understand the witness's testimony or to determining a fact in issue"; and (3) not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Roberts satisfies each of these requirements. She worked for Tim Dahle Imports selling used cars for over a year. Thus, testimony regarding her ability to close car sales

3

on her own is based on her personal experiences and perceptions. And testimony on this subject could assist the jury to decide a fact at issue in the trial: whether any limitations placed on Roberts's ability to close sales on her own were based on practical considerations or on disability discrimination. Finally, testimony regarding the ability to close a car sale is not based on scientific, technical, or other specialized knowledge that would require an expert witness.

Accordingly, Roberts may provide lay opinion testimony regarding her ability to close car sales on her own. Because she may provide this testimony under Rule 701, the court denies Tim Dahle Imports' request to exclude this evidence as inadequately disclosed expert opinion testimony under Rule 702.

DATED June 1, 2022.

BY THE COURT

Jill N. Parrish
United States District Court Judge