IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELISSA ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>TIM DAHLE IMPORTS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 7<br><br>Case No. 2:18-cv-00288-JNP-DBP<br><br>District Judge Jill N. Parrish |

## INTRODUCTION

Before this court is a Motion in Limine filed by Tim Dahle Imports, Inc. (Defendant) to prohibit plaintiff Melissa Roberts (Plaintiff) from offering evidence or eliciting testimony regarding Defendant's 2009 consent decree with the Equal Employment Opportunity Commission (EEOC). ECF No. 91. Defendant characterizes use of this evidence as improper and inadmissible under Rules 401, 403, 404, and 408 of the Federal Rules of Evidence. The court analyzes the admissibility of evidence under Rule 404, which incorporates Rules 401 and 403, below and determines that because the consent decree is of limited relevance to Plaintiff's claim and because that limited relevance is substantially outweighed by the potential for unfair prejudice, the evidence is not admissible. The court, therefore, declines to analyze admissibility under Rule 408 and GRANTS Defendant's motion in limine and excludes the 2009 consent decree from evidence.

## ANALYSIS

Under Rule 404, "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with that trait." FED. R. EVID.

1

404(a)(1). This includes evidence of a "crime, wrong, or other act." *Id.* 404(b)(1). However, evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or lack of accident." *Id.* 404(b)(2). The Tenth Circuit has articulated a four-factor test, which incorporates the standards of Rules 401 and 403, to determine whether evidence is admissible under Rule 404(b)(2). Such evidence is admissible if "(1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court provides an appropriate limiting instruction upon request." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1046 (10th Cir. 2005) (citation omitted).

Here, Plaintiff offers the 2009 consent decree for a proper purpose to prove intent and motive to discriminate as well as Defendant's knowledge of its duties to prevent harassment and retaliation. But the relevance of the evidence in proving those claims is limited and is substantially outweighed by the risk of unfair prejudice against Defendant. Thus, the court determines that the 2009 consent decree is not admissible.

    **I.    PROPER PURPOSE**

Plaintiff contends that the consent decree is relevant to establish motive and intent of Defendant and to establish knowledge by Defendant that there was an obligation to prevent harassment and retaliation in the workplace. Proving intent, motive, and knowledge are all proper purposes enumerated in Rule 404(b)(2) to allow evidence of past wrongs or other acts. FED. R. EVID. 404(b)(2).

However, proving a pattern or practice of discrimination alone is improper purpose for Plaintiff's claims. Plaintiff does not raise a pattern and practice claim in the present case and would not be permitted to as an individual plaintiff. *See Daniels v. United Parcel Serv., Inc.*, 701 F.3d

620, 632 (10th Cir. 2012) ("[I]ndividual plaintiffs cannot bring pattern-or-practice claims—only the U.S. Attorney General or a certified class can do so."). Without relevance to a proper purpose, showing a pattern or practice of discrimination only serves the improper purpose of attempting to prove that on the present occasion, Defendant acted with the character alleged. The court therefore considers only the proper purposes offered by Plaintiff below.

## II.     RELEVANCE

Only relevant evidence is admissible at trial. *Id.* 402. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." *Id.* 401(a)–(b).

"The relevance of past-discrimination evidence is determined by finding a nexus between it and the plaintiff's circumstances." *Gaige v. SAIA Motor Freight Line*, LLC, 672 F. App'x 787, 790 (10th Cir. 2016). Whether there is a logical nexus depends on the factual circumstances and arguments in each case. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). Some relevant factors include "i) proximity in time; ii) the decision-makers involved; and iii) similar treatment of the witness and plaintiff." *Id.* However, it is improper for courts to apply per se rules of exclusion. *Id.*

Plaintiff contends that the consent decree is relevant to establish motive and intent of Defendant to discriminate. While proving motive and intent are proper purposes, *See* FED. R. EVID. 404(b)(2), the evidence is not relevant to that claim. Plaintiff's allegations occurred six years after the alleged sexual harassment that was the subject of the consent decree. And none of the employees involved in the sexual harassment claim remained employed with Defendant by the time Plaintiff was hired.

Furthermore, it is unclear how a consent decree regarding a claim of sexual harassment is probative of Defendant's motive and intent to discriminate on the basis of disability. For evidence of prior discrimination to be probative to a defendant's motive or intent in a later discrimination claim, "there must be some reason to believe that his motivation or intention in the acts in question was similar to his motivation or intention on the prior occasion." *Coles v. Perry*, 217 F.R.D. 1, 9 n.5 (D.D.C. 2003). To be probative to motive and intent, prior discrimination must be of the same character or type as the discrimination alleged. *Id*. Sexual harassment and disability discrimination are sufficiently distinct in character and type, the employees accused of harassment in this case are not the same persons alleged in the prior case, and there are no other reasons to think that the discrimination is sufficiently of the same character as the prior case to be relevant towards motive and intent.

Plaintiff also argues that the consent decree is relevant to prove knowledge by showing that Defendant understood its obligations to prevent harassment and retaliation in the workplace. But because of the scope of the consent decree, this argument is unpersuasive.

Plaintiff alleges that the consent decree is relevant to Plaintiff's request for punitive damages. To recover an award of punitive damages in a workplace discrimination case, the plaintiff must show that the employer discriminated "in the face of a *perceived* risk that its actions will violate federal law." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999) (emphasis added). As part of the consent decree, Defendant was enjoined from:

> (a) sexually harassing any employee and (b) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title IV, (ii) filed a charge or is assisting or participating in the filing of a charge of sexual harassment, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

Pl.'s Mem. in Opp'n to Def.'s Mot. in Lim. No. 7 Ex. A at 2.

The consent decree is expressly limited to duties to prevent sexual harassment and retaliation for actions taken in opposition to Title VII violations. *See id.* Plaintiff's claims allege violations of the Americans with Disabilities Act (ADA), not Title VII. Thus, while the ADA also imposes duties on employers to prevent harassment and retaliation, the consent decree is of limited value in proving knowledge of Defendant's ADA duties.

### III.    PROBATIVE VALUE AND UNFAIR PREJUDICE

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. District courts have "considerable discretion in performing the Rule 403 balancing test." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). "However, exclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'" *Id.* (citation omitted).

Any limited probative value of using evidence of a past claim of sex discrimination to demonstrate motive, intent, or knowledge of obligations to prevent harassment and retaliation for a disability discrimination claim is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Admitting the evidence could lead the jury to make assumptions about the validity of the settled sex discrimination claim. And because employer duties under the ADA and Title VII are similar yet distinct, it could cause the jury to confuse the issues. This could unfairly affect the jury's determination on the validity of Plaintiff's claim.

### CONCLUSION

Although Plaintiff lists proper purposes for presenting the evidence, the probative value of that evidence is minimal. And that value is substantially outweighed by the risk of unfair prejudice

to Defendant. Defendant's Motion in Limine to exclude evidence regarding the 2009 consent decree with the Equal Employment Opportunity Commission is therefore granted.

DATED June 1, 2022.

                                      BY THE COURT

                                      _____
                                      Jill N. Parrish
                                      United States District Court Judge