IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELISSA ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>TIM DAHLE IMPORTS, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE NO. 9<br><br>Case No. 2:18-cv-00288-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a motion brought by defendant Tim Dahle Imports, Inc. seeking an order prohibiting plaintiff Melissa Roberts from presenting any evidence or argument regarding (1) her ADA retaliation claim or (2) her back pay damages sought by her other ADA claims. ECF No. 93. The court GRANTS IN PART and DENIES IN PART the motion. The court grants the request for an order excluding the ADA retaliation claim from the jury trial. The court DENIES the request for an order excluding all evidence of back pay.

I.     **ADA RETALIATION CLAIM**

Tim Dahle Imports argues that because only equitable remedies are available to Roberts for her ADA retaliation claim, this cause of action must be decided by the court. Thus, Tim Dahle Imports asserts that evidence related to this claim should be excluded from the jury. Roberts, on the other hand, argues that the retaliation claim should go to the jury because compensatory and punitive damages are available for this cause of action. The court agrees with Tim Dahle Imports that only equitable remedies may be awarded for an ADA retaliation claim.

The retaliation provision of the ADA, 42 U.S.C. § 12203, states that the remedies available in 42 U.S.C. § 12117 are also available to a plaintiff that proves a retaliation claim. Section 12117,

in turn, references the remedies available under 42 U.S.C. § 2000e-5. This section lists only equitable remedies such as back pay, reinstatement, injunctive relief, or "any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1). Thus, the plain language of § 12203, § 12117, and § 2000e-5, taken together, provide only equitable remedies for an ADA retaliation claim.

A separate statute, 42 U.S.C. § 1981a(a)(2), empowers plaintiffs to recover compensatory and punitive damages "against a respondent who engaged in unlawful intentional discrimination . . . under . . . section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112)." Section 102 of the ADA, codified as 42 U.S.C. § 12112, prohibits employers from discriminating against disabled employees. Some district courts have interpreted § 1981a(a)(2) to extend compensatory and punitive damages to both discrimination claims brought under § 12112 and retaliation claims brought under § 12203. See *Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765, 771 (W.D. Tenn. 2009); *Rumler v. Dep't of Corr., Fla.*, 546 F. Supp. 2d 1334, 1342–43 (M.D. Fla. 2008); *Edwards v. Brookhaven Sci. Assocs., LLC*, 390 F. Supp. 2d 225, 236 (E.D.N.Y. 2005). The *Baker* court, for example, reasoned that the explicit prohibition against discrimination found in § 12112 is accompanied by an implicit prohibition against retaliation. *Baker*, 635 F. Supp. 2d at 770–71. Based upon this theory, the *Baker* court postulates that "it would be an absurd result to hold that Congress intended compensatory damages to be available only under § 12112 and not § 12203—considering that these statutes codify identical causes of action for retaliation." *Id.* at 771.

The Tenth Circuit has not addressed this issue. But the Fourth, Seventh, and Ninth Circuits have all rejected the analysis adopted by *Baker* and have interpreted the above-described statutory scheme to permit only equitable relief for an ADA retaliation claim. *Alvarado v. Cajun Operating*

*Co.*, 588 F.3d 1261, 1269–70 (9th Cir. 2009); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004); *Rhoads v. F.D.I.C.*, 94 F. App'x 187, 188 (4th Cir. 2004) (per curiam and unpublished). *Alvorado*, for example, rejected *Baker* and other district court rulings permitting compensatory and punitive damages for retaliation claims, reasoning that "the plain and unambiguous provisions of 42 U.S.C. § 1981a limit the availability of compensatory and punitive damages to those specific ADA claims listed. ADA retaliation is not on the list." 588 F.3d at 1269–70. *Kramer* likewise concluded that the plain language of § 1981a(a)(2) does not make compensatory and punitive damages available to plaintiffs asserting retaliation claims. 355 F.3d at 965.

Although the Supreme Court has not addressed the specific issue presented here, it has addressed a similar issue in the context of Title VII discrimination claims. In *University of Texas Southwestern Medical Center. v. Nassar*, 570 U.S. 338, 352 (2013), the plaintiff argued that a statute that explicitly modified the causation standard for discrimination claims, 42 U.S.C. § 2000e-2(m), also implicitly modified the causation standard for retaliation claims. Similar to the reasoning found in *Baker*, the plaintiff asserted that because retaliation is a form of discrimination, the Court should interpret § 2000e-2(m) to extend to retaliation claims. *Id.* The Court rejected this argument for several reasons, including that the plaintiff's proposed reading was inconsistent with the provision's plain language: "The text of § 2000e–2(m) says nothing about retaliation claims. Given this clear language, it would be improper to conclude that what Congress omitted from the statute is nevertheless within its scope." *Id.* at 352–53. Thus, the reasoning of *Nassar* supports the Fourth, Seventh, and Ninth Circuits' interpretation of § 1981a(a)(2).

The court agrees with the Fourth, Seventh, and Ninth Circuits' interpretation of the relevant statutes. The language of § 1981a(a)(2) is not ambiguous. Its plain language permits compensatory

3

and punitive damages only for discrimination claims brought under § 12112—not retaliation claims brought under § 12203. Moreover, § 12203, § 12117, and § 2000e-5 clearly state that the only remedies available for a retaliation claim are equitable in nature. *See Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) ("[W]e begin by examining the statute's plain language, and if the statutory language is clear, our analysis ordinarily ends." (citation omitted)). "A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *Nat'l R. R. Passenger Corp. v. Nat'l Ass'n of R. R. Passengers*, 414 U.S. 453, 458 (1974). Thus, the court determines that Roberts may not seek compensatory or punitive damages for her ADA retaliation claim.

Because Roberts is limited to back pay and other equitable remedies for her retaliation claim, she may not present this claim to the jury. *See Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995) ("[T]he Seventh Amendment [right to a jury trial] does not apply to actions which involve only equitable rights or which traditionally arose in equity."); *Alvarado*, 588 F.3d at 1270 ("Because we conclude that ADA retaliation claims are redressable only by equitable relief, no jury trial is available."); *Kramer*, 355 F.3d at 966 ("Because Kramer was not entitled to recover compensatory and punitive damages [for her ADA retaliation claim], she has no statutory or constitutional right to a jury trial."). Accordingly, the court grants Tim Dahle Import's request to exclude Roberts's retaliation claim from the jury trial. Based on the evidence presented during the jury trial, the court will determine whether Roberts has proven this claim and is entitled to back

pay or any other equitable relief.[1] *See Fowler v. Westminster Coll. of Salt Lake*, No. 2:09-CV-591-DN, 2012 WL 4378115, at *1 (D. Utah Sept. 25, 2012) (after a jury returned a verdict on the plaintiff's ADA discrimination claim, the court separately found for the plaintiff on his ADA retaliation claim and awarded back pay).

## II.     BACK PAY EVIDENCE

Tim Dahle Imports also moves to exclude all evidence related to back pay for her remaining discrimination and harassment claims. *See Whatley v. Skaggs Companies, Inc.*, 707 F.2d 1129, 1138 (10th Cir. 1983) ("Title 42 U.S.C. § 2000e–5(g) leaves to the discretion of the trial court the amount of back pay to be awarded a successful plaintiff in an employment discrimination action."). Roberts acknowledges that the issue of back pay will be decided by the court in the event that she prevails on her discrimination or harassment claims. She nonetheless suggests that the court should not exclude this evidence and instead should instruct the jury not to include back pay damages in its award.

The court agrees with Roberts. She asserts that Tim Dahle Imports discriminated against her by forcing her to split commissions with other employees. Thus, evidence regarding these split commissions, which is the basis for her claim for back pay damages, is also relevant to the issue of liability on the disability discrimination claim. The court, therefore, denies Tim Dahle Imports' request to exclude all evidence of back pay.

---

[1] After the jury trial, Roberts may submit any additional evidence regarding the amount of back pay she requests from the court for the retaliation claim.

DATED June 1, 2022.

BY THE COURT .

_____
Jill N. Parrish
United States District Court Judge