IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELISSA ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>TIM DAHLE IMPORTS, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 10<br><br>Case No. 2:18-cv-00288-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a motion brought by defendant Tim Dahle Imports, Inc. seeking sanctions against plaintiff Melissa Roberts for failing to provide adequate damages computations for her claimed emotional distress damages and punitive damages. ECF No. 95. Specifically, Tim Dahle Imports moves to bar Roberts from producing any evidence related to these categories of damages at trial. The court DENIES the motion.

Rule 26(a) requires that parties make certain initial disclosures, including disclosing "a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Roberts provided the following disclosure of her calculations for emotional distress damages and punitive damages:

> **2. Compensatory Damages.**
>
> [Plaintiff] also seek compensatory damages, including non-pecuniary damages related to the damage for emotional distress and pain and suffering, arising from Defendant's discriminatory and harassing treatment during her employment with Defendant. While such amount is not subject to computation, and is in the discretion of the jury, Plaintiff intends to seek not less than $300,000 for emotional distress and pain and suffering damages from Defendant.
>
> **3. Punitive Damages.**
>
> Plaintiff also seeks an award of punitive damages. As this amount is not subject to calculation; no calculation is provided. However, Plaintiff intends to seek not less than $300,000 for emotional distress and pain and suffering damages from Defendant.

Tim Dahle Imports argues that these calculations are inadequate and that the court should exclude all evidence related to these categories of damages under Rule 37(c)(1). The court disagrees.

Although the Tenth Circuit has not specifically analyzed the calculation disclosure requirements for noneconomic damages, it has noted the difficulty of precisely calculating these types of damages:

> Attempts to quantify the value of human life have met considerable criticism in the literature of economics as well as in the federal court system. Troubled by the disparity of results reached in published value-of-life studies and skeptical of their underlying methodology, the federal courts which have considered expert testimony on hedonic damages in the wake of *Daubert* have unanimously held quantifications of such damages inadmissible.

*Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1245 (10th Cir. 2000). Looking beyond the Tenth Circuit, the Fifth Circuit noted in dicta that "[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C) [now Rule 26(a)(1)(A)(iii)]." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000). And other district courts that have specifically analyzed the disclosure requirements of Rule 26(a)(1)(A)(iii)

have determined that the rule does not require a precise calculation of noneconomic damages. *See, Olsen v. Owners Ins. Co.*, No. 18-cv-1665, 2019 WL 2502201, at *11 (D. Colo. June 17, 2019) ("Rule 26(a)(1)(A)(iii) does not require either a computation or total amount of garden-variety non-economic damages."); *Brower v. Sprouts Farmers Mkt., LLC*, No. 1:16-cv-1334, 2017 WL 3397374, at *2 (D.N.M. Aug. 8, 2017) (relying on *Smith v. Ingersoll-Rand* to rule that Rule 26 does not require a plaintiff to disclose an exact dollar amount for noneconomic damages); *Isom v. Midwest Div. - OPRMC, LLC*, No. 13-2602-RDR, 2014 WL 3541842, at *3 (D. Kan. July 17, 2014) ("[B]ecause emotional suffering is personal and difficult to quantify and because compensatory damages for emotional distress are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(A)(iii)." (citation omitted)); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) ("[D]istrict courts have frequently denied motions to compel computations of emotional distress . . . damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'" (quoting *Anderson v. United Parcel Serv.*, No. 09-2526, 2010 WL 4822564, at *10 & n.33 (D. Kan. Nov. 22, 2010) (collecting cases))).

Punitive damages are similarly left to the discretion of the jury and are not subject to concrete rules or calculation. *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 16 (1991) (The issue of punitive damages "has been always left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case." (citation omitted)); *Missouri Pac. Ry. Co. v. Humes*, 115 U.S. 512, 521 (1885) ("The discretion of the jury in [awarding punitive damages] is not controlled by any very definite rules; yet the wisdom of allowing such additional damages to be given is attested by the long continuance of the practice."). Accordingly, other district courts have ruled that parties are not required to disclose a calculation for punitive

damages because they are inherently vague and entrusted to the discretion of the jury. *See Melo-Fernandez v. Bearden*, CV 20-0081, 2020 WL 7353880, at *3 (D.N.M. Dec. 15, 2020) ("[C]omputations of . . . punitive damages are issues for the factfinder and are not discoverable."); *McCrary v. Country Mut. Ins. Co.*, No. 13-cv-507, 2014 WL 314777, at *2 (N.D. Okla. Jan. 28, 2014) ("In considering a punitive damage award, the jury usually considers the net worth of the wrongdoer, and net worth is generally determined from financial records that are in the possession of the Defendant. A party is not required to provide a calculation of damages when that calculation depends on information in the possession of another party."); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (denying motion to compel a computation of a plaintiff's punitive damages on the basis that it is an issue for the factfinder); *E.E.O.C. v. Gen. Motors Corp.*, No. 3:06-cv-19, 2009 WL 910812, *3 n.1 (S.D. Miss. Apr. 1, 2009) (finding that "a claim for punitive damages, as it is an issue for the jury, is . . . not amenable to a specific calculation under Rule 26 and, therefore, that the EEOC is not barred from seeking such damages based on its failure to provide a specific computation in its disclosures"); *Richards v. Convergys Corp.*, Nos. 2:05-CV-00790-DAK, 2:05-CV-00812 DAK, 2007 U.S. Dist. LEXIS 1513, at *3 (D. Utah Jan. 8, 2007) (denying motion to compel a calculation of noneconomic and punitive damages); *see also* FED. R. CIV. P. 26 advisory committee's note to 1993 amendment ("[A] party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person.").

Tim Dahle Imports cites a district court ruling that excluded evidence related to compensatory and punitive damages. *Miller v. Polaris Lab'ys, LLC*, No. 111CV01004TWPDML, 2016 WL 1639087, at *4 (S.D. Ind. Apr. 26, 2016). But this case did not analyze emotional distress damages. And this opinion is not very persuasive on the issue of punitive damages because that

4

court neither cited authorities in support of its ruling nor analyzed whether a calculation of punitive damages is required under Rule 26(a). Tim Dahle Imports also cited *Park Cityz Realty, LLC v. Archos Cap., LLC*, No. 2:20-CV-00522-JCB, 2021 WL 4991717, at *8–11 (D. Utah Oct. 27, 2021), in which that court excluded all evidence of damages (including evidence of economic, noneconomic, and punitive damages) because the plaintiff repeatedly failed to produce an adequate computation for *any* of the categories of damages claimed. But, again, that court did not address the specific issue of whether a calculation of emotional distress or punitive damages is required.

In short, the court is persuaded by the above-cited authorities that conclude that a precise calculation of emotional distress and punitive damages is not required by Rule 26(a). It would be difficult, if not impossible, for Roberts to provide a more accurate or meaningful calculation of these damages than the one provided in her disclosures. Alternatively, the court finds that any failure to provide a more detailed calculation is substantially justified for these same reasons. Accordingly, the court denies Tim Dahle Import's motion in limine to exclude evidence of emotional distress and punitive damages.

DATED June 1, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge