IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MELISSA ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>TIM DAHLE IMPORTS, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION OF TIME<br><br>Case No. 2:18-cv-00288-JNP-DBP<br><br>District Judge Jill N. Parrish |

Defendant Tim Dahle Imports, Inc. moved for an extension of time to file its bill of costs three days after the filing deadline. ECF No. 178. The court GRANTS the motion.

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, a court may grant a motion for extension of time filed after the deadline if it finds that the movant's tardiness was caused by excusable neglect. In determining whether the movant's neglect is excusable, courts consider the four *Pioneer* factors: "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Tim Dahle's lawyer avers that he inadvertently missed the deadline to file Tim Dahle's bill of costs because he was on vacation in a remote location and did not observe the calendar notice for the deadline. The last day to file the bill of costs fell on a Friday. When Tim Dahle's lawyer discovered his mistake upon returning from his vacation, he filed a motion for extension of time

and the bill of costs on the following Monday—three days and one business day after the deadline had passed.

The court finds that three of the four *Pioneer* factors weigh in favor of excusing Tim Dahle's neglect. Tim Dahle requested an extension just one business days late, plaintiff Melissa Roberts was not prejudiced by the delay, and there is no indication that Tim Dahle acted in bad faith. But the proffered reason for the delay weighs against granting Tim Dahle's motion for an extension of time. Although the court does not begrudge counsel's ability to take a vacation without access to case calendars and work communications, a failure to anticipate that a deadline will fall during such a vacation is not an adequate reason for a tardy motion for extension of time.

Weighing these factors, the court finds that Tim Dahle's neglect is excusable. Although the court must give particular weight to the reason for the delay, *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004), the other three factors outweigh this strike against Tim Dahle. The motion for extension of time was just one business day late and the late filing did not prejudice Roberts, nor was the delay in bad faith. Given the short duration of Tim Dahle's delay, these factors offset Tim Dahle's fault for missing the deadline. Accordingly, the court grants Tim Dahle's motion for a short extension of time to file its bill of costs.[1] The court deems the bill of costs and supporting documents filed on October 17, 2022 to be timely. Any objection to the bill of costs must be filed by September 5, 2023.

---

[1] In a separate case before this court, Tim Dahle's lawyer was on the other side of this issue. In that case, when opposing counsel missed a discovery deadline, he opposed efforts by opposing counsel to obtain the requested discovery. The court notes that if an attorney requests mercy for a missed deadline, he should, in accord with the Utah Standards of Professionalism and Civility, extend that same mercy to opposing counsel. The court expects counsel to do so in the future.

DATED August 22, 2023.

                BY THE COURT

                _____
                Jill N. Parrish
                United States District Court Judge